FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 19 2008

JAMES W. McCORMACK, CLERK
By: DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

EDNA FAYE THOMAS AND
LERONE THOMAS PLAINTIFFS

v. CASE NUMBER: 4:08-CV-0568SWW

DAVOL AND C.R. BARD INC. DEFENDANTS

**COMPLAINT**

This case assigned to District Judge Wright
and to Magistrate Judge Young

**Parties**

1. Plaintiff, EDNA FAYE THOMAS is a citizen and resident of the Desha County, Arkansas. LERONE THOMAS is her husband and also a citizen and resident of Desha County, Arkansas

2. Defendant, Davol is a corporation that is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. Defendant, C.R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch.

**Jurisdiction**

4. The Court has subject matter and personal jurisdiction over the issues and the parties to this cause of action pursuant to 28 USC §1332.

**Facts**

5. Defendant DAVOL designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into plaintiff's body.

6. Defendant DAVOL, through its agent, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into plaintiff's body.

7. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

8. On August 3, 2004, EDNA FAYE THOMAS underwent surgery to repair a ventral hernia. BARD Composix Kugel Hernia Patch (Lot No.43EOD407) was used to repair the defect. The operative report says "the patch was opened and evened out", "sutures were then secured" and "5mm tacker was then used to tack inside the slit in the mesh circumferentially" using Prolene sutures. The patient was returned to the recovery room in a stable condition.

9. The Kugel Patch hernia repair product implanted in plaintiff was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

10. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious rick to health.

11. On December 22, 2005, DAVOL recalled many sizes of Kugel Patches under a Class I recall notice.

12. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

13. On January 10, 2007, the initial Class I recall on the Kugel Patch was expanded to include the type of Kugel Patch used in plaintiff's ventral hernia repair.

14. In the years that followed the surgery, EDNA FAYE THOMAS developed persistent abdominal pain and tenderness at the implant site and also experienced persistent problems with diarrhea, nausea and vomiting.

15. On April 12, 2007, EDNA FAYE THOMAS underwent surgery to remove the Kugel Patch. In the operative report, the surgeon stated "As has been my finding in the recent removal of these patches, the hernia patch was firm, stiff, and buckled in a number of areas." The surgeon also found that the patch required "tedious dissection" and was also adhesed to her colon and liver. It took a prolonged dissection to release the mesh from her abdomen. The mesh was replaced.

16. The failed mesh has been identified as one of the recalled meshes.

17. Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

18. Plaintiff has incurred substantial medical bills and has lost wages.

19. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

20. Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

21. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

22. Upon information and belief DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

**Count I**

**NEGLIGENCE AND PUNITIVE DAMAGES**

23. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

24. Defendants, DAVOL and BARD, were negligent in the following respects:

25. Defendants, DAVOL and BARD, at all times mentioned, had a duty to properly manufacture, test, inspect, package, label, distribute, marker, examine, maintain, supple, provide proper warnings and prepare for use, the Kugel Patch.

26. Defendants, DAVOL and BARD, at all times mentioned knew, or in the exercise of reasonable care should have known, that the Kugel Patch was of such a nature that it was not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, suppled, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch users.

27. Defendants, DAVOL and BARD, so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed,

recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

28. Defendants, DAVOL and BARD, were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or foreseeable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard for the safety of the plaintiff.

29. Defendants, DAVOL and BARD, owed a duty to the plaintiff to adequately warn plaintiff and plaintiff's treating physicians of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

30. Defendants, DAVOL and BARD, breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

31. As a direct and proximate result of the duties breached, the Kugel Patch used in plaintiff's hernia repair surgery failed, resulting in plaintiff's suffering, pain and harm.

32. As a direct and proximate result of DAVOL and BARD's negligence, plaintiff has suffered injuries and damages.

33. Defendants, DAVOL and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge of the defect and failure to perform as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of punitive damages in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

Wherefore, plaintiff requests a judgment against Defendants, DAVOL and BARD, for damages in a sum to confer jurisdiction upon this Court, for court costs and for other such relief this Court deems just and appropriate.

**Count II**

**VIOLATION OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT (A.C.A. §4-88-101, et seq.)**

34. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35. Defendants, DAVOL AND BARD have engaged in false, misleading and deceptive acts or practices as defined and proscribed by the Arkansas Deceptive Trade Practices Act ("ADTPA") with regard to the Kugel Patch sold to and used by Plaintiff. Specifically, under the ADTPA, DAVOL AND BARD are liable for false, misleading and deceptive acts and practices if they engaged in any of the following:

A. Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether good are original or new or of a particular standard, quality, grade, style, or model; A.C.A. §4-88-107 (a)(1);

B. Advertising the goods or services with the intent not to sell them as advertised; A.C.A. §4-88-107 (a)(3);

C. Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce or trade; A.C.A. §4-88-107 (a)(10);

D. The act, use, or employment by any person of any deception, fraud, or false pretense; A.C.A. §4-88-108;

E. The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission. A.C.A. §4-88-108;

36. Defendants, DAVOL and BARD, engaged in unfair and deceptive trading practices with the plaintiff in the following respects:

37. Defendants, DAVOL and BARD, are merchants, who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and / or sell the Kugel Patch for hernia repair surgery.

38. Defendants ,DAVOL and BARD, knowingly committed unfair and deceptive practices in their study, testing, design, development, manufacture, inspection, production marketing, promotion, advertising, distribution and/or sale of the Kugel Patch for hernia repair surgery.

39. Defendants, DAVOL and BARD, knowingly committed unfair and deceptive practices when they failed to safely design and construct an effective Kugel Patch for hernia repair surgery.

40. Defendants, DAVOL and BARD, knew or reasonably should have known that some Kugel Patches were at risk while they were engaged in the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and or selling of the Kugel Patch for hernia repair surgery, specifically that the "memory recoil ring" upon being subjected to stress after placement in the intra-abdominal space posed a significant risk of breakage, separation, migration, tearing and splitting that posed the danger of severe harm and death to patients.

41. Defendants, DAVOL and BARD, did not inform the FDA prior to December 2005 of its knowledge concerning the dangers posed to patients by its Kugel Patch which was susceptible to failure and subject to the Class I recall.

42. Defendants, DAVOL and BARD, did not inform the public at large prior to December 2005 of its knowledge concerning the dangers posed to patients of its Kugel Patches which were susceptible to failure and subject to the Class I recall.

43. Defendants, DAVOL and BARD, failed to give adequate warnings regarding the use and potential problems with the Kugel Patch used for hernia repair.

44. Defendants, DAVOL and BARD's actions occurred while they were engaged in trade and commerce, and all of the conduct occurred during the course of their business.

45. Defendants, DAVOL and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

**Count III**
**STRICT LIABILITY**

46. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

47. Defendants, DAVOL and BARD, are strictly liable to plaintiff in the following respects:

48. Defendants, DAVOL and BARD, designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

49. The Kugel Patch subject to the Class I recall was defective because it failed to perform safely and effectively for the purpose it was originally designed. Plaintiff's Kugel Patch was

a Class I recalled device that failed while in his body, causing him to develop serious physical complications which required subsequent, painful and unnecessary removal surgery.

50. At all times mentioned, the Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

51. The Kugel Patch implanted into plaintiff was being used in a manner reasonably anticipated at the time it was implanted in him by plaintiff's surgeon.

52. The Kugel Patches, like the one found in plaintiff, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to plaintiff as follows:

A. The Kugel Patch was sold in a defective condition by design and manufacture;

B. The Kugel Patch as designed and manufactured was unsafe for plaintiff;

C. The Kugel Patch as designed and manufactured was unreasonably dangerous for plaintiff;

D. The Kugel Patch did not perform safely as an ordinary consumer/patient, like plaintiff, would expect;

E. The Kugel Patch as designed and manufactured was unsafe for its intended use;

F. Defendants, DAVOL and BARD, failed to warn the end user about the dangers and risks of the product;

G. DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

H. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the

foreseeable stresses they would be subject to within the intra-abdominal space;

I. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery; and

J. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

53. Defendants, DAVOL and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

Wherefore, plaintiff requests a judgment against DAVOL and BARD for damages in a sum as permitted by law, for court costs and for other such relief this Court deems just and appropriate.

**Count VI**
**BREACH OF IMPLIED WARRANTY**

54. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

55. Defendants, DAVOL and BARD, are liable to plaintiff for their breach of implied warranty in the following respect:

56. Defendants, DAVOL and BARD, sold the Kugel Patch which was implanted in plaintiff. DAVOL and BARD impliedly warranted to plaintiff, his physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

57. DAVOL and BARD knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

58. Plaintiff, his physicians and health care providers reasonably relied on DAVOL and BARD's judgment, indication and statements that the Kugel Patch was fit for such use.

59. When the Kugel Patches were distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury, harm or death to the end user.

60. Plaintiff suffered such injuries and damages as a result of DAVOL and BARD's conduct and actions.

**Count VII**
**FAILURE TO WARN**

61. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

62. In the course of business, DAVOL and BARD designed, manufactured and sold the Kugel Patch to EDNA FAYE THOMAS' healthcare providers (namely Jefferson Regional Medical Center) for hernia repair surgeries.

63. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically, at the time plaintiff received the Kugel Patch, it was defective and unreasonably

dangerous when put to its intended and reasonably anticipated use. Further, the Kugel Patch was not accompanied by proper warnings regarding significant adverse consequences associated with its use.

64. Defendants, BARD and DAVOL, failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the product. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

65. The dangerous and defective conditions in the Kugel Patch existed at the time of their delivery by the manufacturer to the distributor. At the time plaintiff had his hernia repair surgery, the Kugel Patch was in the same condition as manufactured, distributed and sold.

66. Plaintiff did not know at the time of use of the Kugel Patch, or at any time prior thereto, of the existence of the defects in the Patch.

67. Plaintiff suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

68. The conduct of BARD and DAVOL in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the product was failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter BARD, DAVOL and others from similar conduct.

Wherefore, plaintiff respectfully requests judgment in his favor and against DAVOL and BARD for such amount that is determined to be fair and reasonable, for such other relief as may be fair and reasonable under the circumstances and for his costs.

**DAMAGES**

69. That as a direct and proximate result of the negligence, strict liability, product liability and breach of warranty of the Defendants as alleged herein, Plaintiff has suffered the following losses:

A. Medical expenses which have been incurred in the past and are likely to be incurred in the future;

B. Permanent physical impairment and disability;

C. Pain, suffering and mental anguish experienced in the past and reasonablely certain to be experienced in the future;

D. Loss of earnings in the past and loss of earnings or earning capacity reasonably expected to be lost in the future; and

E. Scarring.

70. Plaintiff's spouse has suffered loss of consortium.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, punitive damages and costs of suit all in excess of the federal jurisdictional limit and as provided by law.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

THE BRAD HENDRICKS LAW FIRM
500 C Pleasant Valley Drive
Little Rock, AR 72205
(501) 221-0444

By: ____________________
George R. Wise, Jr.
ABN: 78171